IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | Case No. 3:19CR00054-001 |
| | ) | |
| Plaintiff. | ) | |
| | ) | JUDGE JAMES G. CARR |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | DEFENDANT'S |
| | ) | RESTITUTION MEMORANDUM |
| JORDAN COFFMAN, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

Now comes defendant, Jordan Coffman by and through his counsel, Attorney Merle R. Dech Jr. and respectfully requests that the Court not order restitution to the victim in the "Mt. Lime" series or in the event the court finds that restitution is required follow the "base line" amount as found by another court in this district.

I. **Procedural Background**

Defendant entered a guilty plea on October 21, 2019 to Possession Child Pornography in violation of 18 U.S.C. 2252 (a)(4) and (b)(2). On March 4, 2020 this Court sentenced defendant to a prison sentence of 30 months followed by 15 years of Supervised Release, and requested additional briefing prior to entering its restitution order. The Government in their sentencing memorandum and restitution memorandum are seeking restitution in the amount of $80, 342.70 for the victim of Mt. Lime series. Defendant asks this court not to find restitution, however in the event the Court makes a restitution order it asks the court to adopt the base line amount found in United States v Mobasseri, and make an order substantially

less than the government's request.

## II. Argument

18 U.S.C. Section 2259 requires the District Courts to award restitution in child pornography cases but only to the extent that the government can prove that an offender's offense conviction is the proximate result of the victim's losses. United States v. Paroline, 572 U.S. 434 (2014). In the present case, the Government cannot prove that defendant Coffman's possession was the proximate cause of the victim's losses.

In the present case, the government is seeking restitution in the amount of $80, 342.70 which is equivalent to 1/8th of the losses, past present and future of the victim in the Mt. Lime series.

### A. Defendant's conduct was not the proximate cause of victim's losses

In the present case, the Government cannot prove by a preponderance of the evidence that defendant's possession proximately caused the victim of the "Mt. Lime" series.

"Restitution is therefore proper under § 2259 only to the extent the defendant's offense proximately caused a victim's losses."

Paroline, at 448.

"Every event has many causes, however, see *ibid.,* and only some of them are proximate, as the law uses that term. So to say that one event was a proximate cause of another means that it was not just any cause, but one with a sufficient connection to the result. The idea of proximate cause, as distinct from actual cause or cause in fact, defies easy summary. It is "a flexible concept," *Bridge v. Phoenix Bond & Indemnity Co.,* 553 U.S. 639, 654, 128 S.Ct. 2131, 170 L.Ed.2d 1012 (2008), that generally "refers to the basic requirement that ... there must be 'some direct relation between the injury asserted and the injurious conduct alleged,' "

United States v. Paroline, 572 U.S. 434, 444 (2014)

In the present case, the issue is what losses were the proximate result of defendant's possession. The cause of the victim's losses is due to the continuing viewing and distribution of

the victim's image(s). In the present case there are no allegations that the defendant distributed the images for which he was convicted. There are no allegations of the defendant attempting to contact the victim or any searches on the various internet search engines seeking more information or whereabouts of the victim. The possession of the image of the victim is not the proximate cause of the victim's losses.

### A.  Defendant is not responsible for the amount claimed.

In determining what a proper amount of restitution should be , the Supreme Court in Paroline stated:

In this special context, where it can be shown both that a defendant possessed a victim's images and that a victim has outstanding losses caused by the continuing traffic in those images but where it is impossible to trace a particular amount of those losses to the individual defendant by recourse to a more traditional causal inquiry, a court applying § 2259 should order restitution in an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses. The amount would not be severe in a case like this, given the nature of the causal connection between the conduct of a possessor like Paroline *459* and the entirety of the victim's general losses from the trade in her images, which are the product of the acts of thousands of offenders. It would not, however, be a token or nominal amount. The required restitution would be a reasonable and circumscribed award imposed in recognition of the indisputable role of the offender in the causal process underlying the victim's losses and suited to the relative size of that causal role. This would serve the twin goals of helping the victim achieve eventual restitution for all her child-pornography losses and impressing upon offenders the fact that child-pornography crimes, even simple possession, affect real victims.

Paroline,  at 459.

The Court then set forth factors to determine restitution in the event it is ordered.

"There are a variety of factors district courts might consider in determining a proper amount of restitution, and it is neither necessary nor appropriate to prescribe a precise *460* algorithm for determining the proper restitution amount at this point in the law's development. Doing so would unduly constrain the decisionmakers closest to the facts of any given case. But district courts might, as a starting point, determine the amount of the victim's losses caused by the continuing traffic in the victim's images (excluding, of course, any remote losses like the hypothetical car accident described above, see *supra,* at 1721), then set an award of restitution in consideration of factors that bear on the relative causal significance of the defendant's conduct in producing those losses. These could include the number of past criminal defendants found to have contributed to the victim's general losses; reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses;

any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will, of course, never be caught or convicted); whether the defendant reproduced or distributed images of the victim; whether the defendant had any connection to the initial production of the images; how many images of the victim the defendant possessed; and other facts relevant to the defendant's relative causal role. See Brief for United States 49.
These factors need not be converted into a rigid formula, especially if doing so would result in trivial restitution orders. They should rather serve as rough guideposts for determining an amount that fits the offense. The resulting amount fixed by the court would be deemed the amount of the victim's general losses that were the "proximate result of the offense" for purposes of § 2259, and thus the "full amount" of such losses that should be awarded. The court could then set an appropriate payment schedule in consideration of the defendant's financial means. See § 3664(f)(2)."

United States v. Paroline, 572 U.S. 434,459,460 (2014).

In United States v. Mobasseri, 2019 WL 3773735  *2,3 (N.D. Ohio August 12, 2019) Judge

Boyko used the following analysis.

"The Court believes the following analysis accomplishes the goals of both § 2259 and *Paroline*. First, the Court will determine the "full amount of the victim's losses." 18 U.S.C. § 2259(b)(1). These losses will include medical services relating to physical, psychiatric or psychological care; physical and occupational therapy or rehabilitation; necessary transportation, temporary housing and child care expenses; lost income; attorneys' fees, as well as other costs incurred; and any other losses suffered by the victim as a proximate result of the offense. *Id.* at § 2259(b)(3)(A)–(F).
**3** Next, while it is impossible to establish a "baseline harm" that fully encompasses the pain and suffering each victim experiences when their images are trafficked, the Court will set a baseline of $3,000 per victim. In doing so, the Court is persuaded by similar decisions in this circuit and elsewhere that have determined a baseline or financial harm experienced in the typical case. *See United States v. Reynolds*, 626 Fed. App'x 610, 620 (6th Cir. Sept. 11, 2015) (affirming the district court's use of $1,000 as a baseline restitution amount for each victim); *United States v. Gamble*, 2015 WL 4162924, *3 (E.D. Tenn. July 9, 2015) (setting forth five tiers of possible restitution amounts under § 2259, where $2,000-$3,500 would be awarded in the typical case); *United States v. DiLeo*, 58 F. Supp. 3d 239, 249 (E.D.N.Y. 2014) (finding that restitution awards for Vicky have generally ranged from $2,000 to $4,000).[2]"

The Court will then analyze the *Paroline* factors. As many courts have previously found, certain *Paroline* factors are more helpful than others. *See United States v. Monzel*, – F.3d –, 2019 WL 3242386, *6 (D.C. Cir. July 19, 2019) ("as restitution factors, future convictions and total offenders are 'virtually unknown and unknowable.' "). Additionally, with respect the number of images Defendant possessed of each victim, the Court founds useful U.S.S.G. § 2G2.2(b)(7) and will increase the restitution amount in line with that guideline.[3]
Finally, the Court will review other factors that may lead to an increased award of restitution. Specifically, the Court will consider (i) the frequency of views and shares of the victims image, *Monzel*, at *6; *Gamble*, at *3; (ii) the means by which the images were acquired, i.e., trading

images, paying for images, requesting certain images, *Monzel*, at *6; (iii) stalking or contacting the victim, *id.*; (iv) the defendant's individual contribution to the market for the victim's image, i.e., whether he sought out a particular victim's image, length of time trafficking in child pornography, *id.*; (v) whether defendant used the victim's images to groom other children for abuse or exposure to pornography, *id.*; and (vi) the nature of the victim's images, *Reynolds*, 626 Fed. App'x at 620.

United States v. Mobasseri, 2019 WL 3773735 *2,3 (N.D. Ohio August12, 2019)

In the present case, eight criminal defendants are included in the victims and governments restitution formula. M.L.'s image(s) have been reported a total of 144 times to the National Center for Missing and Exploited Children by law enforcement. At a minimum these parties should be included in the restitution formula, Additionally there probably will be future defendants in both the federal and state systems who will be held responsible for restitution. Defendant did not reproduce or distribute any images. Defendant had no role whatsoever in the initial production or distribution of these images. Defendant's role is comparatively minor. Applying the law as set forth in Paralone and Mosaberri, defendant should not be ordered to pay restitution. However, in the event that court finds for a restitution order it should significantly less that the requests by the government.

### B. Proper amount of restitution

The government in its memorandum asks the court to make the victim whole. Defendant asks this court to follow the Court's statement in United States v. Mobasseri quoting the United States Supreme Court in Paroline.

> "When ordering restitution in this "special context," the amount should "not be severe" nor should it "be a token or nominal amount." *Id.* at 458-59. Rather, a restitution award must be "reasonable and circumscribed" to recognize the role of defendant in the causal process of the underlying victim's losses and suited to that role. *Id.* at 459. This is not a "precise mathematical inquiry" but rather an exercise of "discretion and sound judgment." *Id*"

United States v. Mobasseri, 2019 WL 3773735 *2 (N.D. Ohio August 12, 2019).

Defendant asks this Court to recognize the defendant's possession to not be a proximate cause of the victim's losses. Further, if the Court finds to the contrary, defendant's role is comparatively minor and such factor should be considered in awarding restitution.

### C. Scheduling of Payments

In the event that restitution is ordered, defense counsel is in agreement with the government as it relates to scheduling of payments. See, United States v.Palmer, 643 F.3d 1060 (8th Cir. 2011)

### D. Conclusion

For all of the above reasons, the Court should deny the Government's request f restitution in this matter. In the event the Court orders restitution, defendant asks the court to follow the "base line" amount set forth in United States v. Mobasseri and make such award significantly less than the Government's request.

Respectfully submitted,

/s/Merle R. Dech, Jr.
Merle R. Dech, Jr. (0055835)
610 Adams Street, 2nd Floor
Toledo, Ohio 43604
TEL: (419) 241-5506
FAX: (419) 242-3442
mdechesq@hotmail.com
Attorney for Defendant

Date: April 1, 2020

CERTIFICATE OF SERVICE

This is to certify that this foregoing motion was electronically filed on April 1, 2020 and all parties served by electronic filing and/or ordinary mail.

/s/ Merle R. Dech, Jr.

.